IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02905-MJW

JOHN C. PRICE,

Plaintiff,

v.

LORETTA LYNCH, Attorney General of the United States,

Defendant.

---

ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION AND FOR FAILURE TO STATE A PLAUSIBLE CLAIM
(DOCKET NO. 19)
and
DENYING PLAINTIFF'S MOTION TO AMEND ORIGINAL COMPLAINT
(DOCKET NO. 31)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to the Order of Reference entered November 10, 2016, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge. (*See* Docket Nos. 13 & 14.) Now before the court are two motions: (1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State Plausible Claims (Docket No. 19), to which a response (Docket No. 20) and a reply (Docket No. 23) were filed; and (2) Plaintiff's Motion to Amend Original Complaint (Docket No. 31), to which no response was filed. The court has taken judicial notice of the court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## I. Factual Background

Plaintiff is a registered voter in Colorado's Second Congressional District. He filed the Complaint (Docket No. 1) in this case because he felt that the Colorado Supreme Court's redistricting plan has largely limited voter choice in House of Representative elections. He brings two claims for relief against Defendant United States Attorney General. He alleges a violation of Article 1, § 2 of the United States Constitution because his vote is ineffective given that he lives in a district strongly dominated by the Democratic party. Second, he alleges that Defendant has violated the Supremacy Clause of United States Constitution, apparently because states have control over redistricting. He proposes a different way of mapping congressional districts that would ensure competitive races.

## II. Standard of Review

### a. Pro Se Plaintiff

Plaintiff is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)*. See also*

*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."

*Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### c. Amended Complaint

Subject to Federal Rule of Civil Procedure 15(a), a complaint may be amended when justice so requires. However, a court may deny a motion to amend if the court determines the amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile when the complaint, as amended, would be subject to dismissal. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

## III. Analysis

### a. Subject Matter Jurisdiction

Defendant argues that Plaintiff lacks standing to bring his claims. The Court agrees.[1]

Article III of the United States Constitution limits the jurisdiction of federal courts

---

[1] Due to Plaintiff's failure to establish this court's subject matter jurisdiction, the court will not address Defendant's argument that Plaintiff's Complaint fails to state plausible claims.

to "[c]ases" and "[c]ontrover[ies]." U.S. Const. art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560(1992). "[T]he irreducible constitutional minimum of standing contains three elements": (1) the plaintiff must have suffered a "concrete and particularized" injury that is "actual or imminent" (i.e., an "injury in fact"); (2) there must be "a causal connection between the injury and the conduct complained of"; and (3) it must be "likely . . . that the injury will be redressed by a favorable decision." *Id.* at 560–61(quotation marks omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

Plaintiff has not met his burden to establish any of the above requirements for standing. First, he has not sufficiently pled that he has suffered an injury in fact. The courts are not a forum for generalized grievances, such as those alleged by Plaintiff. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007). "[A] plaintiff must have more than 'a general interest common to all members of the public.'" *Id.* (quoting *Ex parte Levitt*, 302 U.S. 633, 634 (1937) (*per curiam*). In *Lance*, the Supreme Court found that four Colorado voters who challenged a court-drawn redistricting plan as violating Elections Clause of the United States Constitution lacked standing to sue, reasoning as follows:

> The only injury plaintiffs allege is that the law—specifically the Elections Clause—has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past.

*Lance*, 549 U.S. at 442. Plaintiff's Complaint suffers from an identical problem: he alleges that the Defendant is not obeying the law or enforcing the Constitution. These

5

generalized allegations alone cannot confer standing.

Second, Plaintiff cannot show that Defendant caused him any injury. The Court agrees with Defendant that Plaintiff's alleged injuries are traceable to the Colorado Assembly, which failed to pass a redistricting scheme, and the Colorado Supreme Court, which approved the redistricting map he finds so offensive. Plaintiff appears to concede this point in his response. (*See* Docket No. 20 at 2.)

Finally, Plaintiff's alleged injuries cannot be redressed by a favorable ruling. The Colorado Constitution invests the Colorado Assembly with the authority to create, administer and implement redistricting plans. *See* Colo. Const., art. V, § 44. If the Assembly fails to do so, as it did in 2010, that power is delegated to the Colorado Supreme Court. *See Hall v. Moreno*, 270 P.3d 961 (Colo. 2012). The United States Attorney General cannot amend the Colorado Constitution or adopt or implement the redistricting map proposed by Plaintiff. Therefore, Plaintiff has failed to meet the third standing requirement.

### b. Motion to Amend

Plaintiff requests permission to amend his Complaint. (Docket No. 31.) However, the amendments proposed by Plaintiff neither address nor solve his problem with standing. Indeed, the motion reads more like a surreply to Defendant's Motion to Dismiss. Thus, the court finds that allowing Plaintiff to amend the Complaint to add the proposed vague "amendment[s] involving plausible claims" would be futile.

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby **ORDERED** that

- Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State Plausible Claims (Docket No. 19) is **GRANTED**;

- Plaintiff' Motion to Amend Original Complaint (Docket No. 31) is **DENIED** as futile; and

- Plaintiff's Complaint (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE**.

Date: July 10, 2017          *s/ Michael J. Watanabe*
Denver, Colorado             Michael J. Watanabe
                             United States Magistrate Judge